DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment adjudicating Lawrence Stewart, defendant below and appellant herein, a sexual predator pursuant to R.C. Chapter 2950.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR, AND IN IMPOSING THE REGISTRATION AND COMMUNITY NOTIFICATION REQUIREMENTS OF R.C. 2950."
On March 8, 1996, a Washington County Common Pleas Court jury found appellant guilty of: (1) kidnapping, in violation of R.C. 2905.01(A)(4); (2) gross sexual imposition, in violation of R.C. 2907.05(A)(1); and (3) attempted rape, in violation of R.C.2923.02(A) and R.C. 2907.02(A)(2). On April 12, 1996, the trial court sentenced appellant to a term of imprisonment of fourteen to forty years.
Appellant appealed the trial court's judgment of conviction and sentence, and this court affirmed the trial court's judgment. See State v. Stewart (Dec. 8, 1997), Washington App. 96CA18, unreported. Additional facts are stated in our prior opinion.
On October 15, 1999, the trial court held a sexual predator hearing. On October 22, 1999, the trial court determined that appellant was a sexual predator as defined in R.C. 2950.01(E). The court found that the state had established, by clear and convincing evidence, that appellant had been convicted of a sexually oriented offense and that in the future, appellant is likely to engage in one or more sexually oriented offenses. The court found the following factors to weigh in favor of finding that appellant is likely to engage in future sexually oriented offenses: (1) the victim was seventeen years of age; (2) appellant's criminal history, including a prior conviction for gross sexual imposition; (3) appellant's history of mental disability and personality disorders; (4) the nature and circumstances of the sexual conduct with respect to the crimes of which he was convicted; and (5) a demonstrated pattern of abuse. Thus, the trial court ordered appellant to comply with the community notification and registration provisions set forth in R.C. Chapter 2950. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by adjudicating appellant a sexual predator and by imposing the registration and community notification requirements set forth R.C. Chapter 2950. Appellant raises three separate arguments in his first assignment of error: (1) R.C. Chapter 2950 is void for vagueness because the statutory provisions provide "no guidance as to how the factors set forth in R.C. 2950.09(2)(2) are to be weighed"; (2) R.C. Chapter 2950 violates Article I, Section 1 of the Ohio Constitution as an invalid exercise of the state's police power; and (3) the trial court erroneously found appellant to be a sexual predator.
The state argues that appellant, by failing to challenge the constitutionality of R.C. Chapter 2950 during the trial court proceedings, waived the arguments that R.C. Chapter 2950 is void for vagueness and that R.C. Chapter 2950 violates Article I, Section 1 of the Ohio Constitution. Moreover, the state contends that appellant's arguments concerning the constitutionality of R.C. Chapter 2950 are without merit. The state further asserts that the record contains clear and convincing evidence to support the trial court's classification of appellant as a sexual predator.
Initially, we agree with the state that appellant, by failing to raise the constitutional arguments during the trial court proceedings, waived the issues for purposes of appeal. See, generally, State v. Stojetz (1999), 84 Ohio St.3d 452,455, 705 N.E.2d 329, 335; Hill v. Urbana (1997), 79 Ohio St.3d 130,679 N.E.2d 1109. Additionally, we note that appellant did not designate the arguments as separate assignments of error as App.R. 16(A)(3) requires. See, generally, State v. Dunn (June 17, 1998), Pickaway App. No. 97 CA 26, unreported.
Assuming, arguendo, that appellant had properly preserved the issues and had properly designated the issues, we would find no merit to appellant's arguments. We agree with the Ohio Supreme Court and with other Ohio appellate courts that have determined that R.C. Chapter 2950 is not unconstitutionally vague. See State v. Williams (Apr. r28, 2000), Case No. 99-286, 2000 LEXIS 813, ___ Ohio St.3d ___, ___ N.E.2d; State v.Avery (1998), 126 Ohio App.3d 36, 709 N.E.2d 875; State v. Booth
(Apr. 18, 2000), Auglaize App. No. 2-99-47, unreported; State v.White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported; Statev. Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported; State v. Lance (Feb. 13, 1998), Hamilton App. Nos, C-970301, C-970282, C-970283, unreported; State v.Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported.
We further agree with the majority of other Ohio appellate courts that have determined that R.C. Chapter 2950 does not violate Article I, Section 1 of the Ohio Constitution as an unconstitutional exercise of the state's police power. See,e.g. Booth, supra; State v. Woodman (Mar. 30, 2000), Franklin App. No. 99AP-696, unreported; State v. Redepenning (Feb. 11, 2000), Hamilton App. Nos. C-990377 and C-990378, unreported;State v. White (Feb. 9, 2000), Summit App. No. 19387, unreported;State v. Wynn (Dec. 2, 1999), Cuyahoga App. No. 75281, unreported; State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported.
Appellant's final argument raised in his assignment of error addresses the trial court's finding that appellant is a sexual predator. Appellant argues that the trial court improperly weighed the evidence. Appellant contends that: (1) the trial court should have afforded "more positive weight to [a]ppellant's successful completion of a sexual offenders risk reduction program"; (2) because the victim was seventeen years old, the victim's age "should not have been weighed against [a]ppellant"; and (3) the trial court inappropriately considered appellant's mental history and prior suicide attempts. Appellant further asserts that the trial court erroneously adjudicated him a sexual predator because appellant is not guilty of the underlying sexually oriented offense. We disagree with appellant's arguments.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and [who] is likely to engage in the future in one or more sexually oriented offenses." A "sexually oriented offense" includes violations of: (1) R.C. 2905.02(A)(4), kidnapping of a person under eighteen years of age; (2) R.C.2907.05(A)(1), gross sexual imposition; and (3) R.C.2907.02(A)(2), attempted rape. See R.C. 2950.01(D)(1) and (D)(2)(a).
R.C. 2950.09(B)(3) prohibits a trial court from adjudicating an offender as a sexual predator unless clear and convincing evidence exists in the record to support such a determination. See State v. Gowdy (Apr. 28, 2000), Case No. 98-2301, 2000 LEXIS 812, 88 Ohio St.3d 387, N.E.2d; State v. Dunn (June 17, 1998), Pickaway App. No. 92 CA 26, unreported; see, also, Statev. Myers (Oct. 14, 1998), Washington App. No. 97 CA 36, unreported, n. 8.
 "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegation sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal."
Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118,123; see, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54, 60.
In determining whether an offender is a sexual predator, R.C. 2950.09(B)(2) requires the trial judge to consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but no limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the case sub judice, the trial court found that a jury had convicted appellant of three sexually oriented offenses: (1) kidnapping a person under eighteen years of age; (2) gross sexual imposition; and (3) attempted rape. The trial court considered the R.C. 2950.09(B)(2) factors and determined that appellant should be classified as a sexual predator. We find the following summary from the state's brief accurately analyzes the R.C.2950.09(B)(2) factors:
 "The victim in this case was a 17-year old girl. The Appellant was 42. From the victim's account, the Appellant was able to find and track her because she was foolish enough to give him her name and address when he approached her and struck up a conversation with her. Her age and immaturity or lack of experience contributed to the crime. The Appellant, in choosing to approach a young girl, was better able to gain information which enabled him to find her. He also offered her drugs and alcohol at their first meeting. * * *
 The Appellant testified that he completed a sex offender program. The Appellee did not present evidence to refute this at [the hearing]. However, even if [appellant] has, the fact that an offender has completed a sex offender program does not prevent a sexual predator finding.
* * *
 Evidence as to the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse also showed a propensity to re-offend. As cited previously, the Appellant accosted a strange young girl in a public place, attempted to befriend her, extracted information from her and then persisted in placing phone calls to her. Ultimately, he hid in a dark car and tried to force her to drive to a remote area, indicating his intention to engage in sexual conduct with her. He became violent with her.
 The nature of the sexual conduct indicates predatory behavior toward young or trusting female strangers. The nature of the conduct indicates that when the Appellant is confronted with rejection, he resorts to physical violence.
 There were threats of cruelty sufficient to sustain the predator finding. A violent rape, and perhaps worse, in this case was only averted because the victim was able to persuade the Appellant to permit her to make a phone call. She was able to escape because he feared that authorities were closing in on him. Ohio courts have found violent attacks on strangers indicative of a likelihood to re-offend."
Thus, we agree with the state and with the trial court's determination that clear and convincing evidence exists in the record to support a determination that appellant is a sexual predator. Both the state and the trial court noted that appellant had previously committed sexually oriented offenses. Although appellant proclaims his innocence, we note that a jury found appellant guilty, beyond a reasonable doubt, of the sexually oriented offenses.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 _____________________ Peter B. Abele, Judge